J-S68016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN SCOTT ELLIS JR. | |
| Appellant | No. 1846 WDA 2015 |

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000649-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN ELLIS | |
| Appellant | No. 1847 WDA 2015 |

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000651-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN ELLIS | |
| Appellant | No. 1848 WDA 2015 |

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000653-2015

COMMONWEALTH OF PENNSYLVANIA

v.

BRIAN ELLIS

    Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1849 WDA 2015

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000693-2015

COMMONWEALTH OF PENNSYLVANIA

v.

BRIAN SCOTT ELLIS JR.

    Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1850 WDA 2015

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000758-2015

COMMONWEALTH OF PENNSYLVANIA

v.

BRIAN SCOTT ELLIS JR.

    Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1851 WDA 2015

Appeal from the Judgment of Sentence dated October 23, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000760-2015

J-S68016-16

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA

v.

BRIAN ELLIS

Appellant | No. 1852 WDA 2015

Appeal from the Judgment of Sentence dated October 20, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000767-2015

BEFORE: SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED NOVEMBER 14, 2016**

Appellant, Brian Scott Ellis, Jr., appeals from the judgment of sentence of 7-21 years' incarceration, which was imposed after he pleaded guilty to criminal trespass, theft by unlawful taking, burglary, criminal conspiracy to commit burglary, and receiving stolen property.[1] With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(1)(i), 18 Pa.C.S. § 3921(a), 18 Pa.C.S. § 3502(a)(2), 18 Pa.C.S. § 903(c), 18 Pa.C.S. § 3925(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

- 3 -

In August and November 2014, Appellant entered two private residences in Erie and stole items from each house that were valued at between $2,500 and $3,000. N.T., 9/8/15, at 11, 14; N.T. 10/20/15, at 25, 27. Later in November, he conspired with two other individuals to burglarize and steal items from a third house; the stolen items from this house were valued at $12,800. N.T., 9/8/15, at 13; N.T. 10/20/15, at 26. He entered two more houses in December; the stolen items from one of these houses were valued at $3,239.40. N.T., 9/8/15, at 12, 15; N.T. 10/20/15, at 25.[3] Appellant entered another house in January 2015 and stole property there that was valued at between $500 and $1,000. N.T., 9/8/15, at 16-17; N.T., 10/20/15, at 27. Also in December, he received property that he knew was likely stolen. N.T., 9/8/15, at 16.[4]

On September 8, 2015, Appellant appeared before the trial court and entered a guilty plea to each of these charges. On October 20, 2015, the trial court held a sentencing hearing, during which Appellant's trial counsel explained, by way of mitigation, that, although Appellant was only 20 years old, he already had "a very pervasive heroin addiction." N.T., 10/20/15, at 10. Appellant's sister confirmed Appellant's long history of drug addiction

_____

[3] The value of the stolen items from the second house was not entered on the record. N.T., 10/20/15, at 27.

[4] The total value of the stolen property that Appellant received was not entered on the record. N.T., 10/20/15, at 27.

and explained that members of their entire family including their parents, have battled addiction. *Id.* at 12-16. Appellant's sister added that their mother "is on her death bed" and that their grandparents are elderly and have always tried to help Appellant and her. *Id.* at 13, 16.

One victim provided impact testimony, stating that "[s]ince [she] live[s] alone it was all the more devastating" to have her home burglarized, and that Appellant stole "precious family heirlooms that [she] can never replace coming from [her] great-grandmother." N.T., 10/20/15, at 6. This victim said she felt violated and constantly thought about how anybody could break into her home; her sense of safety had been compromised. *Id.* at 7. During her testimony, she repeatedly asked the trial court to impose the maximum sentence allowable.

At the end of the sentencing hearing, the trial court imposed an aggregate sentence of 9-23 years' incarceration. The trial court explained its reasoning for imposing this sentence on the record, as follows:

> In this case I've done the following: I've considered the Pennsylvania Sentencing Code and its various factors. I've got the benefit of a presentence report. I have a victim impact statement. I have letters from [Appellant] and accompanying documents, and I've talked to the parties here today as well as the family, and the one victim spoke.
>
> I've already spoke at length about my view of burglary.[5] It literally can destroy communities. And [Appellant] here is part

---

[5] Earlier during the sentencing hearing, the trial court had stated:

*(Footnote Continued Next Page)*

of a sophisticated ring that was stealing from houses in a planned and calculated manner for his and other people's purposes to get money for drugs. Heedless then, although not now, of the consequences here. This sentence is going to hurt his family, but it's required.

The balance here on this sentence is not to give [Appellant] a sentence so long that he never gets out of prison. The Guidelines probably allow that. Nevertheless, a substantial sentence is required and there is no bargain discount for doing multiple burglaries.

N.T., 10/20/16, at 30-31. On October 23, 2015, the court filed a written order correcting the sentence on two counts, resulting in a final aggregate sentence of 7-21 years' incarceration.

On November 23, 2015, Appellant filed this timely direct appeal. On December 17, 2015, Appellant's trial counsel, Attorney Horton, filed a "Statement of Intent to File an *Anders* Brief." On December 18, 2015, the trial court entered an order stating that, in light of Attorney Horton's Statement of Intent to File an *Anders* Brief, "there are no non-frivolous issues for appeal" and "no Opinion is necessary." On February 1, 2016,

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

[W]hen [people] find out they have been burglarized, they will have a monetary loss, sure. Sometimes they have insurance. But beyond that, you violate their sense of security. . . . And that upsets them. A burglary can upset a neighborhood. Enough burglaries on a block can upset whole parts of the community. People move. They no longer sleep at night. They sometimes buy burglary alarms. Far beyond the property damage, far beyond the property damage, every burglary . . . involves the destruction of a community.

N.T., 10/20/15, at 7-8.

- 6 -

Attorney Horton filed a petition for leave to withdraw as counsel. On February 2, 2016, this Court granted Attorney Horton leave to withdraw and appointed new appellate counsel, Attorney Merski. Order, 2/2/16.

Attorney Merski filed an *Anders* Brief on June 13, 2016, in which she presented the following issue:

> Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

*Anders* Brief, at 3. On the same day, Attorney Merski sent a letter to Appellant, informing him that she intended to file a petition for leave to withdraw. She filed her petition to withdraw on June 22, 2016, and Appellant has not filed a *pro se* response to that petition. On June 23, 2016, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

In this appeal, we observe that Attorney Merski's June 13, 2016 correspondence to Appellant provided a copy of the **Anders** Brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, the **Anders** Brief complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Counsel additionally advances relevant portions of the record that could arguably support Appellant's claims on appeal. Ultimately, counsel cites her reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." **Anders** Brief, at 12. We therefore conclude that counsel's Anders brief complies with the requirements set forth in **Santiago**. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

We recognize, as did counsel, that "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (internal citation omitted), **appeal denied**, 87 A.3d 319 (Pa. 2014); **see also Anders** Brief, at 6. Appellant has not challenged the validity of his guilty plea, and the oral colloquy conducted by the trial court at the time of Appellant's plea was sufficient to assure that the plea was properly made. **See** N.T., 9/8/15, at 3-17.

Appellant challenges only a discretionary aspect of his sentence — its length. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Glass*, 50 A.3d 720, 726 (Pa. Super. 2012). Instead, this Court has set forth an analytical framework under which we determine whether we may exercise our discretion to hear such an appeal:

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–1043 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Glass*, 50 A.3d at 727.

In the current case, Appellant filed a timely notice of appeal and properly preserved this issue in his post-sentence motion. Additionally, the *Anders* brief contains a concise statement of the reasons for which he seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure. *See Anders* Brief, at 5-9. The Rule 2119(f) statement sets forth the claim that the sentencing court sentenced within the guidelines but failed to consider the factors set forth in 42 Pa.C.S. §

9721(b). Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's argument therefore raises a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) ( "[a]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question"; quotations and citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). Hence, we will consider the substantive merits of his sentencing claim.

> Our standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *reargument denied* (2015), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing

court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012).

As the record demonstrates, prior to imposing sentence, the trial court explained that Appellant was "part of a sophisticated ring that was stealing from houses in a planned and calculated manner," N.T., 10/20/15, at 31.[6] The court therefore clearly considered the need to protect the public, the gravity of the offenses, and the specific facts of Appellant's crimes. *See* 42 Pa.C.S. § 9721(b); *Schutzues*, 54 A.3d at 96.

The trial court also stated that it evaluated the victim impact statement and victim testimony during the sentencing hearing. N.T., 10/20/15, at 30-31. The court stated in this regard that burglary "literally can destroy communities." *Id.* at 31. The trial court therefore kept in mind the impact on the victim and the community. *See* 42 Pa.C.S. § 9721(b).

Finally, the trial court considered the testimony of Appellant's sister, N.T., 10/20/15, at 31, who attested to his rehabilitative needs, *id.* at 12-17. The trial court therefore considered this factor. *See* 42 Pa.C.S. § 9721(b).

Accordingly, the trial court properly reviewed all of the requisite factors and did not abuse its discretion when imposing Appellant's sentence.

_____

[6] Because Appellant pleaded guilty, no additional details about the "sophisticated burglary ring" were entered on the record, but the charges made clear that he burglarized homes as part of a conspiracy with others.

Consequently, Appellant's sentence is not manifestly excessive or unreasonable.

Based on the foregoing, we agree with appellate counsel that the sentencing issue raised by Appellant lacks merit. In addition, we have reviewed the certified record consistent with **Flowers**, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2016

- 13 -